# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

John W. Folsom, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:09-cv-01471-JOF
LG Electronics U.S.A., Inc., :
:
    Defendant. :
:

## OPINION & ORDER

This matter is before the court on Defendant's motion to dismiss for lack of jurisdiction, improper venue, and failure to join indispensable party [7]; Plaintiff's motion for default judgment [19]; and Defendant's motion for leave to file surreply in opposition to Plaintiff's motion for default judgment [25].

**Background**

This case arises out of a water leak that occurred at Plaintiff's home in Norcross, Georgia sometime between May 21, 2004 and June 1, 2004 while Plaintiff was on vacation. *See* Cmplt., ¶¶ 6, 14-15. Plaintiff alleges the water leak was caused by the failure of "the plastic connector" that connected the refrigerator that was manufactured by LG Electronics to the home's water supply line. *Id.*, ¶¶ 12, 15. Plaintiff purchased the refrigerator from HH

Gregg, Inc. and HH Gregg delivered, installed, and connected the refrigerator to the water supply in the home. *Id.*, ¶¶ 12-13. Plaintiff contends that the "plastic connector" failed "because its components were not properly bonded together." *Id.*, ¶ 17. Plaintiff seeks damages in the amount of $149,501.57. *Id.*, ¶ 16.

The court provides the following procedural history for context purposes and not to establish any particular fact. Plaintiff originally filed his complaint in the State Court of Fulton County, Georgia on May 30, 2008, against both LG Electronics and HH Gregg. In that complaint, Plaintiff alleged causes of action against HH Gregg due to improper installation of the refrigerator. LG Electronics filed a motion for summary judgment arguing that Plaintiff's complaint was filed outside of Georgia's four year statute of limitations for property damage. Plaintiff then voluntarily dismissed his complaint on March 3, 2009. Two weeks later, Plaintiff filed the instant complaint in the United States District Court for the Eastern District of Virginia alleging causes of action of strict liability, negligence, and breach of warranty. In the new complaint, Plaintiff alleges that the plastic connector was properly attached to the water supply line and as a result, Plaintiff did not file suit against HH Gregg as a defendant, but rather only against LG Electronics.

Defendant LG Electronics, a resident of New Jersey and Delaware, filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to join an indispensable party. The Honorable Robert E. Payne, Senior United States District Judge, granted in part

2

AO 72A
(Rev.8/82)

Defendant's motion on June 2, 2009. Judge Payne transferred the action to this court and reserved for this court, as the transferee court, the decision concerning in personam jurisdiction and whether an indispensable party has not been joined. In its briefing papers, LG Electronics made no argument as to why it would not be subject to personal jurisdiction in the Northern District of Georgia, therefore, the court focuses its attention on whether Plaintiff's complaint should be dismissed for failure to join an indispensable party.

**Failure to Join an Indispensable Party**

Defendant LG Electronics argues that HH Gregg is an indispensable party because in his original complaint, Plaintiff alleged that the acts of HH Gregg as seller and installer of the refrigerator were a proximate cause of the property damage. Defendant argues that because Plaintiff made these allegations in the original complaint, he must have developed some evidence to support them. Without the presence of HH Gregg, Defendant argues, Defendant may be held liable for the acts or omissions of HH Gregg. Further, Defendant contends, if Defendant is found liable, it may later need to file suit against HH Gregg.

Plaintiff responds that HH Gregg is not a necessary party because as the original case in Georgia progressed, it became clear that HH Gregg's only potential liability was "pass through" liability as a merchant under the Uniform Commercial Code. Further, Plaintiff contends that HH Gregg is neither necessary nor indispensable under Rule 19 because

3

AO 72A
(Rev.8/82)

complete relief can be accorded to the existing parties without HH Gregg's presence and HH Gregg has no interest in the litigation as it currently stands.

Federal Rule of Civil Procedure Rule 19 provides a "two-part test for determining whether an action should proceed in a nonparty's absence." *City of Marietta v. CSX Transp., Inc.*, 196 F.3d 1300, 1305 (11 th Cir. 1999). "The first question is whether complete relief can be afforded in the present procedural posture, or whether the nonparty's absence will impede either the nonparty's protection of an interest at stake or subject parties to a risk of inconsistent obligations." *Id.* (citing Fed. R. Civ. P. 19(a)(1)-(2)). If this threshold question is answered in the affirmative, "and if the nonparty cannot be joined (say for jurisdictional reasons)," the court proceeds to the second step and considers whether in "equity and good conscience" the action should proceed among the parties before it, or should be dismissed. *Id.* (citing Fed. R. Civ. P. 19(b)). This analysis should not be formalistic, but rather based on "flexible practicality." *Id.* (citing *Provident Tradesmen's Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968). The burden is on the movant to show that an absent party is necessary and indispensable such that the suit should be dismissed under Rule 19. *Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880 (5th Cir. 1987).

Here, Plaintiff alleges that LG Electronics did not properly manufacture a "plastic connector" on the refrigerator. Under these circumstances, it would be possible for Plaintiff

4

AO 72A
(Rev.8/82)

to obtain complete relief by proving the allegations in its complaint against LG Electronics. While HH Gregg, who installed the refrigerator, theoretically may have played a role in this incident, the fact that Plaintiff *could* sue HH Gregg does not make the company "necessary" as defined by Rule 19 because Rule 19 does not require that all tortfeasors be joined in one action. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. . . . The Advisory Committee Notes to Rule 19(a) explicitly state that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability.").

Further, Defendant LG Electronics has not asserted that it would be subject to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" were the action to proceed as it is. *See* Rule 19(a)(2)(ii). LG Electronics has only stated that it may be forced to file a third-party action against HH Gregg. That possibility is not enough to invoke Rule 19. Although Plaintiff had previously alleged that both HH Gregg and LG Electronics were at fault, there is no reason why Plaintiff is bound by the allegations in his previous complaint which has been voluntarily dismissed. Plaintiff is master of his complaint. Therefore, the court finds that HH Gregg is not a "necessary" party under Rule 19(a).

5

AO 72A
(Rev.8/82)

Even if the court were to find HH Gregg to be "necessary," the court would next need to consider whether "in equity and good conscience" the suit should proceed without the necessary parties. Fed. R. Civ. P. 19(b). Four factors are considered in this analysis: (1) how prejudicial a judgment would be to the nonjoined and joined parties, (2) whether the prejudice could be lessened depending on the relief fashioned, (3) whether the judgment without joinder would be adequate, and (4) whether the plaintiff would have any alternative remedies were the case dismissed for nonjoinder. *See Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 848 (11 th Cir. 1999).

With respect to the first two factors, the court notes that any prejudice potentially suffered by LG Electronics could be lessened by "other measures." Fed. R. Civ. P. 19(b). Defendant could protect itself from possible inconsistent verdicts or obligations by impleading HH Gregg as a person who is "or may be liable to [Defendants] for all or a part of the plaintiff's claim." Fed. R. Civ. P. 14(a). Plaintiff can gain complete relief if a jury agrees that LG Electronics is liable for the harm Plaintiff suffered. Should LG Electronics choose not to implead HH Gregg on a third-party basis, it could file a future action against HH Gregg for contribution. Because LG Electronics has alternative means of addressing its belief that HH Gregg is potentially liable for the damages suffered by Plaintiff, in the alternative, the court would also determine that HH Gregg is not an indispensable party. For

AO 72A
(Rev.8/82)

these reasons, the court DENIES Defendant's motion to dismiss for lack of jurisdiction, improper venue, and failure to join indispensable party [7].

**Motion for Default Judgment**

As the court described above, the instant complaint was originally filed in the United States District Court for the Eastern District of Virginia. Defendant filed a pre-Answer motion to dismiss on the basis of lack of personal jurisdiction, improper venue, and failure to join an indispensable party. On May 4, 2009, while that motion was pending, the district court issued a general Scheduling Order which required that any parties who had not previously done so were required to file an answer within 11 days of the Scheduling Order. The Order noted that the filing of an answer "shall not waive any previously filed motions or properly presented objections to jurisdiction or service of process." A month later, the district court in Virginia transferred venue of the case to this court and Defendant's motion to dismiss remains pending. Defendant LG Electronics has not filed an answer in the litigation and Plaintiff moves for the entry of default arguing that LG Electronics failed to comply with the scheduling order set down in the Eastern District of Virginia.

Defendant filed a pre-answer motion to dismiss pursuant to Rule 12(b)(6) while the case was pending in the Eastern District of Virginia. While it is true that the general Scheduling Order issued by the district court could be interpreted to direct that a defendant file an answer even if a pre-answer motion to dismiss is pending, the court notes that it was

7

shortly after that Scheduling Order was entered that the court set down a pre-trial conference and the parties agreed to transfer the case here. No party raised the issue of Defendant's answer at that stage in the litigation.

Further, the court notes that under Rule 55(a), a default should be entered "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, LG Electronics had clearly defended against the case by filing a pre-answer motion to dismiss. The court has now ruled on that motion and under Federal Rule of Civil Procedure 12(a)(4)(A) "if the court denies [a Rule 12(b)(6) motion] or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action." Even if the court were to determine that LG Electronics is in default for failure to comply with the scheduling order from the Eastern District of Virginia, the court would find "good cause" to set aside the entry of default based on the procedural history of the case and Defendant's pending motion to dismiss. For the foregoing reasons, the court DENIES Plaintiff's motion for default judgment [19].

**Conclusion**

The court DENIES Defendant's motion to dismiss for lack of jurisdiction, improper venue, and failure to join indispensable party [7]; DENIES Plaintiff's motion for default judgment [19]; and GRANTS Defendant's motion for leave to file surreply in opposition to Plaintiff's motion for default judgment [25].

8

Defendant is DIRECTED to ANSWER Plaintiff's complaint within ten (10) days of the date of this order.

**IT IS SO ORDERED** this 16th day of October 2009.

/s J. Owen Forrester<br>
J. OWEN FORRESTER<br>
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)